BENJAMIN F. LOVELAND, RESPONDENT, v. McKEEVER BROTHERS, INCORPORATED, APPELLANT.

Argued March 20, 1917—Decided June 18, 1917.

On appeal from the Supreme Court.

For the appellant, *James Mercer Davis.*

For the respondent, *Griffin & Griffin.*

PER CURIAM.

The defendant is the owner of Crab Island, situate in Little Egg Harbor bay, Ocean county, New Jersey, on which it has a plant for the rendering of menhaden fish, caught in the Atlantic ocean. In the conduct of this business, the defendant employed the plaintiff at a salary of $200 per month, from the 22d day of July, 1911, until the 24th day of July, 1915. From July 24th, 1915, until March 31st, 1916, the plaintiff drew wages at the rate of $50 per month. Plaintiff's salary not having been paid, suit was entered against the defendant for the entire amount accruing to the plaintiff

from the date of his employment until his discharge on the date last mentioned, and, also, the plaintiff sued for certain moneys which he had expended on behalf of the defendant, at its request, claiming in all a balance of $7,015.84.

The defendant filed an answer and counter-claim. The answer set up that the plaintiff agreed to devote his exclusive services to the care of defendant's plant; that in violation of his agreement he neglected or refused to perform those services for long periods of time, and instead devoted himself to private enterprises of his own; and that defendant had paid plaintiff, pursuant to the contract, various sums aggregating $7,600. By way of counter-claim the defendant alleged that the plaintiff wrongfully engaged in private business of his own and obtained the services of certain employes of the defendant to assist him in it, and charged their compensation to the defendant's pay-roll; that plaintiff, at various times, used a boat belonging to defendant in his private business, and damaged the defendant thereby; that plaintiff so negligently and carelessly performed his duties as superintendent of defendant's plant that defendant sustained damage. The total amount demanded in the counterclaim was $7,700.

The case was tried in the Burlington County Circuit Court without a jury. The trial judge filed the following memorandum:

"CARROW, J. I find that the plaintiff properly performed his contract and is entitled to recover his unpaid compensation, less $90 for the use of the 'Green Garvey' and $24 for the use of defendant's men.

"The amount which I find is due from defendants to plaintiff is $2,395.82."

From the judgment entered upon this finding the defendant has appealed to this court. The grounds of appeal are as follows: 1. Because the court refused to grant defendant's motion for a nonsuit upon the evidence for the plaintiff given at the trial. 2. Because the court refused to give judgment for defendant, although it should have done so on the evi-

dence given at the trial. 3. Because the amount of the judgment was excessive. 4. Because the finding of the court was against the clear weight of the evidence.

The first two grounds of appeal are unavailing to the appellant if there be any evidence to support the finding of the trial judge. It has been repeatedly held that this court will not review the findings of fact in a court below beyond ascertaining that there was evidence to support such findings. See *Larned* v. *MacCarthy*, *85 N. J. L.* 589; also *Eberling* v. *Mutillod* (*Court of Errors and Appeals*), *ante p.* 478. An examination of the testimony returned with the record shows that there was evidence entitling the plaintiff to recover at the close of his case, and that the case was in the same posture when both sides rested; therefore, the trial judge was justified in denying the motion to nonsuit, and also in finding for the plaintiff.

The third and fourth grounds of appeal are equally valueless to the appellant. Excessive damages can only be reduced, and a verdict set aside because against the weight of the evidence, on rule to show cause in the court in which the trial was had; even the legislature is powerless to confer upon this court the right to set aside verdicts because against the weight of evidence, or to reduce them because excessive. *Flanigan* v. *Guggenheim Smelting Co.*, *63 N. J. L.* 647.

The judgment under review must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.